## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
|  : | Criminal No. 3-CR-17-006 |
| v. : | |
|  : | (JUDGE MANNION) |
| VICTOR SANTIAGO-RIVERA, : | |
|  : | |
| Defendant : | |

# O R D E R

In accordance with the memorandum issued this same day, **IT IS HEREBY ORDERED THAT:**

**(1)** Defendant Santiago-Rivera's motion *in limine*, (Doc. 36), is **DENIED**.

**(2)** Defendant Santiago-Rivera's motion to suppress evidence under Fed.R.Crim.P. 12(b), (Doc. 43), is **DENIED**. However, the court will restrict the use of information received from the search of the defendant's cell phone to the time period from on or about December 2016 to January 2017.

**(3)** On direct, evidence of defendant's prior felony conviction will be allowed on the government's case-in-chief to prove the §922(g) offense and, evidence from defendant's cell phone will also be allowed.

**(4)** On cross, evidence of defendant's prior retail theft and drug

convictions less than 10 years old will be allowed to impeach defendant's credibility. Evidence of defendant's gang affiliation will not be allowed for impeachment.

**(5)** Evidence of defendant's prior convictions (including convictions more than 10 years old) will be allowed to rebut an entrapment defense if defendant asserts one. Evidence of defendant's gang affiliation will not be allowed to rebut an entrapment defense.

**(6)** If defendant indicates (either in his opening statement or in direct or cross exam during the government's case-in-chief) that he is presenting an entrapment defense, evidence concerning rebuttal of entrapment shall be allowed on direct.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 12, 2017**